**In re BIOVAIL CORPORATION SECURITIES LITIGATION.**

**No. 03 Civ. 8917 (RO).**

United States District Court, S.D. New York.

Jan. 29, 2007.

Sanford P. Dumain, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, Steven B. Singer, Bernstein, Litowitz, Berger & Grossmann, LLP, for plaintiffs.

Martin F. Cunniff, Howrey, LLP, for defendant Biovail.

Gary Svirsky, O'Melveny & Myers, LLP, for Banc of America Securities, LLC.

Stuart M. Sarnoff, Morgan Lewis & Bockius, LLP, for Arthur Cohen.

Joseph Alexander Lawrence and Carl H. Lowenson, Jr., Morrison & Forster, LLP, for David Maris.

Yosef J. Riemer, Kirkland & Ellis, LLP, for Gerson Lehrman Group and Gerson Lehrman Group Brokerage Services.

Martin Klotz, Willkie, Farr & Gallagher, LLP, for S.A.C. Capital Advisors.

Partha P. Chattoraj, Quinn, Emanuel, Urqhart, Oliver & Hedges, LLP, for Emanuel Goldberg, M.D.

### OPINION & ORDER

OWEN, District Judge.

Biovail Corporation is a Canadian pharmaceutical drug manufacturer that—following certain revelations—suffered a major drop in its share value in late 2003 causing the instant federal shareholders' action alleging false and misleading statements were made to artificially increase the share price. In 2005, Biovail served a subpoena on a number of third party witnesses, including Banc of America Securities LLC (hereinafter "Banc"), and on April 29, 2005, some seven weeks later, Biovail and plaintiffs signed a Protective Order—which the Court itself then signed and filed—providing, "[d]ocuments, testimony, or information obtained through discovery in this Action, including but not limited to Confidential Information, may be used or disclosed *solely for the prosecution or defense of this Action.*" (emphasis supplied). Banc produced several thousand pages of documents to Biovail in response to the subpoena. Less than one year later on February 22, 2006, Biovail commenced an action in Superior Court of New Jersey[1] against various hedge funds and market analysts alleging that it was a short-selling conspiracy which in fact injured it. It put in its allegations some of the documents and information flowing therefrom which Banc had turned over under the said Protective Order. One month later, in March 2006, a purported class of shareholders filed a federal action in New Jersey, *Del Giudice v. S.A.C. Capital Mgmt., LLC,* 2:06–cv–1413–HAA–MF (D.N.J.), against those hedge funds and market analysts—including some Banc personnel—apparently largely supported by Banc's documents turned over in New York under the Protective Order and mirroring in great measure Biovail's New Jersey complaint.

Obviously Biovail violated the above Protective Order and, it turns out, has a prior history in this area. See *Andrx Pharm., Inc. v. Biovail Corp.,* 01–6194–CIV (S.D.Fla. Apr. 4, 2001), where a Magistrate Judge found that Biovail had violated an express agreement to restrict the use of discovery materials, and awarded counsel fees.[2]

Accordingly, Biovail and its attorneys here are ordered to collect and deliver to Banc's attorneys in the New York action any and all of the documents and any copies made thereof covered by the Protective Order of April 29, 2005 sent to others and used or considered for use in the New Jersey action and therefore in the possession or control of any person, lawyer, client or whatever connected with that action. Further, any allegation in Biovail's New Jersey complaint referencing said documents or factual assertion based solely on any information that is solely supported by any such document or documents is to be redacted from the complaint or affidavit or whatever pleading it appears in, being based on said wilful violation of the Protective Order in New York which Biovail signed. Biovail is also—barring the unfore-

---

1. Now removed to Federal Court, *Biovail Corp. v. S.A.C. Capital Mgmt., LLC,* 2:06–cv–1625–HAA–SDW (D.N.J.).

2. Against this background, I reject Biovail's belated efforts here asking the Court to modify the Protective Order to give it absolution. The offense is obvious, and the application for it is equally offensively obvious.

seen—prohibited in the future from directly or indirectly using any material that is covered by the foregoing Protective Order contrary to that order, where a violation of the Protective Order is the sole source of information utilized by Biovail. I hereby notify the District Court in New Jersey in *Del Giudice v. S.A.C. Capital Mgmt., LLC*, 2:06–cv–1413–HAA–MF, and request that it consider appropriate steps to protect Banc from injury by further misuse of any of these documents or the information of which they are the sole source.

Banc is hereby awarded its attorney fees and expenses for the bringing of this motion. Banc is to submit to this Court within 30 days of this Order an affidavit supporting said attorney fees and expenses. Biovail, should it in good faith dispute the amount of fees or expenses asserted, may demand a hearing which the Court will schedule.

So Ordered.